UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS SAMOYOA,[1]

        Petitioner,

vs.                            Case No. 2:14-cv-8-FtM-29DNF

SECRETARY OF FLORIDA DEPARTMENT OF
CORRECTIONS; STATE OF FLORIDA,

        Respondents.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Petitioner Carlos Samoyoa initiated this action by filing a pleading entitled "leave to file successive U.S.C. § 2254 Petition for Writ of Habeas Corpus" (Doc. #1) construed to be a Petition, in the United States District Court for the Middle District of Florida, Tampa Division. See docket. The Tampa Division transferred the action to this Court upon noticing that Petitioner challenges his conviction of lewd and lascivious battery entered in the Twelfth Judicial Circuit in Desoto County, Florida. See Doc. #5, Doc. #1.

Petitioner acknowledges that he previously filed a § 2254 Petition challenging this same judgment of conviction in State case no. 2003-CF-000361. Petition at 1; see also Case No. 2:08-cv-114-FTM-29DNF (M.D. Fla. 2008). The Court notes that Petitioner spells his

---

[1]Petitioner's last name, although spelt Samoyoa on the instant Petition, is also spelt Samayoa. Petitioner was convicted under the last name "Samayoa" in the State court. See Case No. 2:08-cv-114-FTM-29DNF.

last name "Samoyoa" on the instant Petition.  However, Petitioner previously spelt his name "Samayoa" in his previous Petition challenging the same conviction in federal case number 2:08-cv-114-FtM-29DNF.  The Court previously denied Petitioner relief on his Petition.  See 2:08-cv-114-FTM-29DNF, Doc. #6.²  Due to the fact Petitioner previously filed a § 2254 Petition challenging this same judgment of conviction that the Court denied, the instant Petition constitutes a successive petition.

Before a second or successive habeas corpus application is filed in this Court, Petitioner is required to move in the United States Court of Appeals for the Eleventh Circuit for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2244(b)(3)(A); Morris v. Fla. Dep't of Corr., 519 F. App'x 990 (11th Cir. 2013).  For this reason, this case will be dismissed without prejudice for lack of subject matter jurisdiction and to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.³

ACCORDINGLY, it is hereby

---

²In fact, the Order denying Petitioner relief addressed as one of the claims that the victim recanted her allegations.  Case No. 20:8-cv-114-FTM-29DNF, Doc. #6 at 20-21.

³The Eleventh Circuit will grant leave to file a successive petition if the appellant makes a prima facie showing that the second of successive emotion contains a claim involving a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

**ORDERED:**

1.   This case is **DISMISSED** without prejudice as successive.

2.   The Clerk of the Court shall terminate any pending motions, enter judgment accordingly, and close this case.

3. The Clerk of Court shall note on the docket that Petitioner's last name, although spelt Samoyoa on the instant Petition, is also spelt Samayoa.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___30th___ day of January, 2014.

```
                              _____
                              JOHN E. STEELE
                              UNITED STATES DISTRICT JUDGE
```

A: ALJ
Copies: All Parties of Record